IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES EDWARD GLOVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2738-L** |
| | § | |
| RAYTHEON COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint, filed July 16, 2013; Plaintiff's Motion for Discovery and Plaintiff's Motion to Remand, both filed August 15, 2013. After careful consideration of the motions, responses, replies, pleadings, and applicable law, the court **denies** Plaintiff's Motion to Remand, **grants** Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint, and **denies as moot** Plaintiff's Motion for Discovery.

**I.     Background**

James Edward Glover ("Plaintiff" or "Glover") brought this action against Raytheon Company ("Defendant" or "Raytheon") on June 13, 2013, in the 354th Judicial District Court of Hunt County, Texas. He asserts a claim for breach of contract against Raytheon, contending that it breached a contract regarding long-term disability benefits. Specifically, Glover contends that Raytheon breached the contract it had with him when it discontinued his disability payments in November 2000. As a result of the alleged breach, Glover seeks $3.8 million in damages.

Plaintiff also seeks to have this action remanded to the 354th Judicial District Court of Hunt County, Texas, contending the following:

> Being as the Defendant had a duly authorized agent (person) in a permanent fixed base of operation in the city of Greenville, the county of Hunt, and the state of Texas and has other such operations (persons) within the state, the United States District Court is not the proper venue in which relief should be sought.

Pl.'s Resp. 3.

Raytheon contends that Plaintiff's action is barred by the applicable statute of limitations because the action was not filed within four years of the date it accrued. Raytheon also contends that removal was proper because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Glover counters that the statute of limitations is tolled by the discovery rule and because Raytheon fraudulently concealed facts regarding the accrual of his breach of contract claim. The court first addresses the remand issue.

## II.     Plaintiff's Motion to Remand

### A.     Analysis

#### 1. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v.*

**Memorandum Opinion and Order – Page 2**

*Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

### 2. Removal

The general removal statute provides:

> Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Glover is a citizen of Texas. Raytheon, as a corporation, is a citizen of the state of its incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Raytheon's state of incorporation is Delaware, and it has its principal place of business in Massachusetts.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).

**Memorandum Opinion and Order – Page 3**

As Plaintiff and Defendant do not share citizenship, there is complete diversity between the parties. Further, as Plaintiff seeks well in excess of $75,000, the jurisdictional threshold for the amount in controversy is met. Since there is complete diversity and the amount in controversy exceeds $75,000, this court had original jurisdiction to entertain this action, and removal was therefore proper. The court will deny Plaintiff's Motion to Remand.[*]

## III. Defendant's Motion to Dismiss

### A. Standard for Rule 12(b)(6)-Failure to State a Claim and Statute of Limitations Defense

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the

---

[*] Although Plaintiff uses the phrase "change of venue," he actually seeks a remand to the 354th Judicial District Court of Hunt County.

**Memorandum Opinion and Order – Page 4**


allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find

inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

### B. Analysis

#### 1. Accrual of Claim and Applicable Statute of Limitations

As previously stated, this action is one for breach of contract. "[A] breach of contract claim accrues when the contract is breached." *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citation omitted). One who asserts a "breach of contract claim must sue no later than four years after the day the claim accrues." *Id*. (citing Tex. Civ. Proc. & Rem. Code § 16.051). The

**Memorandum Opinion and Order – Page 6**

"discovery rule" may delay the accrual of a claim or cause of action in some cases "until the plaintiff knew or, by exercising reasonable diligence, should have known of facts giving rise to a cause of action." *Barker v. Eckman*, 213 S.W.3d 306, 311-12 (Tex. 2007) (citation omitted). "[F]or the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable." *Id*. at 312 (citation omitted). "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *S.V. v. R.V.,* 933 S.W.2d 1, 7 (citation omitted).

Closely related to the discovery rule is the doctrine of fraudulent concealment. When a defendant fraudulently conceals the existence of a cause of action, the cause of action does not accrue and the statute of limitations is tolled until the claimant discovers or should have discovered the fraud. *Computer Assocs. Int'l v. Altai*, 918 S.W.2d 453, 455 (Tex. 1994). The legal effect of fraudulent concealment "does not extend the limitations period indefintitely." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011). "The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances [that] would cause a reasonably prudent person to make inquiry, which if pursued, would lead to the discovery of the concealed cause of action." *Id*. (quoting *Bordelon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983)).

### 2. Discussion

According to Plaintiff, Raytheon stopped paying long-term disability insurance benefits to him in November 2000 and terminated him on July 6, 2002, in violation of the Americans with Disabilities Act ("ADA"). Pl.'s Pet. 3. Although Glover makes a passing reference to the ADA, he never mentions it again in any filing and makes clear that he "is seeking merely that which is due by [the] Long Term Disability Insurance contract and fair market value of the

**Memorandum Opinion and Order – Page 7**

hardships brought on him and his family by the needless bre[a]ch of the Long Term Disability Insurance contract." Pl.'s Pet. 4.  Accordingly, the court determines that Glover has abandoned and is not pursuing an ADA claim, and such claim is no longer before the court.

Plaintiff further states the following:

> In mid October of 2000 Plaintiff received a letter from Vincent F. Mahan, a human resources employee of the Raytheon Corporation (Exhibit "C").  This letter had a form attached which was to be completed by Plaintiff, his treating physician, and the Social Security Administration no later than Monday November 13, 2000 or all Extended Disability benefits would stop.  Plaintiff was unable to meet the terms and the benefits stopped.  Plaintiff did take all the medical records he had to the office of Mr. Mahan but was met with an attitude (from him) of what is done is done and Plaintiff should leave.  Plaintiff had been receiving Extended Disability payments for years.

Pl.'s Pet. 3.  The pertinent portion of the letter from Vincent Mahan stated:

> Our records indicate that you are still receiving Extended Disability Benefits (EDB) through our disability plan as a result of your medical condition.  In order to continue this benefit you will have to complete the Application for Disability Benefits, which is attached, for review by our plan administrator.  This packet must be completed by your Treating Physician, Social Security Administration, and yourself and returned to me no later than Monday, 13 November, 2000.  If the packet is not received by that date, your EDB will stop on that date.

Pl.'s Pet., Ex. C.  The letter also provided Mahan's address, to which Glover was to send the completed packet. *Id*.

By the plain language of Mahan's letter, Plaintiff was on notice that if he failed to complete and return the packet sent to him by Mahan, his Extended Disability Benefits would cease on November 13, 2000.  Plaintiff did not complete and return the packet as directed and fully concedes that he "was unable to meet the terms [as set forth in the letter from Mahan] and the benefits stopped."  Pl.'s Pet. 3.  Further, Plaintiff acknowledges that the Disability Plan booklet provides that his disability benefits would cease on the "date [he] failed to furnish proof of the continuance of such total disability."  Pl.'s Pet. 2.

**Memorandum Opinion and Order – Page 8**

Glover was fully aware of the consequences if he failed to provide the requested information to Mahan. He acknowledges fully that when he failed to complete and return the packet by November 13, 2000, his disability benefits ceased. This would have been the date that he became aware of a claim for breach of contract, assuming one existed. Plaintiff fails to explain or set forth any reasons why he did not know or, by exercising reasonable diligence, would not have known of facts giving rise to a claim for breach of contract. Thus, Glover has failed to show that the injury he suffered (the alleged breach of a contract) was inherently undiscoverable when he was put on notice of the consequences of his failure to provide the requested information, and he acknowledges that his disability benefits ceased because of his failure to comply with the terms of Mahan's letter. No court in Texas has held that a breach of contract claim qualifies as inherently undiscoverable, although the Texas Supreme Court has not ruled out the possibility of such claim being inherently undiscoverable. *Beavers v. Metropolitan Life Ins. Co.*, 566 436, 439-40 (5th Cir. 2009) (citing *Via Net v. TIG Ins. Co*, 211 S.W.3d 310, 314 (Tex. 2006)). In any event, the pleadings do not warrant the court holding in this case that the facts giving rise to a breach of contract claim were inherently undiscoverable.

In light of the facts and applicable law, the court determines that the discovery rule does not apply in this case, and Plaintiff's breach of contract claim accrued on November 13, 2000. Therefore, Glover had until November 14, 2004, to file his action for breach of contract. He did not file it until June 13, 2013, almost nine and one-half years *after* the claim accrued. Accordingly, his breach of contract claim is barred by the applicable four-year statute of limitations.

Plaintiff also seems to argue that Raytheon fraudulently concealed the existence of his breach of contract claim. The pleadings do not support this contention. Nowhere does Plaintiff set forth any facts or allegations as to how Raytheon concealed the existence of Plaintiff's breach of contract claim. The pleadings plainly reveal that Plaintiff was put on notice that his disability benefit payments would cease if he failed to provide the requested information. When his disability payments stopped, he was put on notice of the existence of a possible breach of contract claim. Raytheon did not conceal or attempt to conceal the possible existence of a breach of contract claim. Simply stated, there was no fraudulent concealment by Raytheon and thus no fraud to discover. Accordingly, the fraudulent concealment doctrine does not toll the four-year statute of limitations in this case. For the reasons set forth herein, it is apparent from Glover's pleadings that his action is time-barred, and the pleadings fail to set forth or raise any legitimate basis for tolling the statute of limitations. Thus, Glover fails to state a claim upon which relief can be granted.

## IV. Plaintiff's Motion for Discovery

In light of the rulings herein made, the court, to the extent that Plaintiff seeks discovery or production of documents and papers, will deny the request as moot. Allowing discovery serves no purpose when a party cannot state a claim upon which relief can be granted.

## V. Conclusion

For the reasons set forth herein, the court determines that it has subject matter jurisdiction over this action and that removal was proper. Accordingly, the court **denies** Plaintiff's Motion to Remand. Further, for the reasons explained herein, Plaintiff fails to state a claim upon which relief can be granted, and the court **grants** Defendant's Rule 12(b)(6) Motion to Dismiss

**Memorandum Opinion and Order – Page 10**

Plaintiff's Original Complaint. Finally, as explained herein, discovery is unnecessary, and the court **denies as moot** Plaintiff's Motion for Discovery. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

    **It is so ordered** this 23rd day of October, 2013.

                                                              Sam A. Lindsay
                                                      United States District Judge